BYRNES, Judge,
dissenting.
I must respectfully dissent from that part of the majority opinion which affirms the trial court’s decision to return the physical care custody and control'of T.T. and R.T. to their natural parents. In my opinion, it was a clear abuse of discretion for the trial judge to make this decision, given the testimony of Dr. Blackman.
Of the four experts who testified at trial, only Dr. Blackman had significant long term contracts with all the parties. As the majority points out, Dr. Cowardin’s testimony was limited to entensive evaluations of L.T.. Drs. Coco and Ramsey evaluated the parties only once. Dr. Coco evaluated only the parents and grandparents, and had no first hand contact with the children or with their great aunt.
Dr. Coco’s recommendation appears to be based more on his belief that it is best to keep the family unit intact, than on his evaluation of this particular family. Dr. Ramsey’s recommendation that R.T. and T.T. be returned to their parents was based on one interview with the parties. On the other hand, Dr. Blackman evaluated the parties over a period of many months, and was adament in his opinion that R.T. and T.T. would suffer grave psychological, and perhaps physical, harm if they were allowed to remain in the custody of either their parents or their grandparents.
In light of these circumstances, I feel that the trial judge abused his discretion by not giving greater weight to Dr. Black-man’s recommendation and ordering the physical custody of R.T. and T.T. continued with DHHR. The best interest of these children demand that they be removed ’ from the patently unhealthy environment created by their parents and grandparents. *70 The trial judge’s ruling to the contrary should be reversed.